UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Lazar Felberbaum,<br><br>                        Plaintiff,<br><br>             -v.-<br><br>Sequium Asset Solutions, LLC;<br>LVNV Funding LLC;<br><br>                        Defendants. | Case No.: 7:21-cv-9513<br><br>**COMPLAINT**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff Lazar Felberbaum brings this Complaint by and through his attorneys, Stein Saks, PLLC, against Defendants Sequium Asset Solutions, LLC ("Sequium") and LVNV Funding LLC ("LVNV"), based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1. The Fair Debt Collection Practices Act ("FDCPA" or "Act") was enacted in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). This was because "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* The Act concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. The purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *Id.* § 1692(b), consumers were given a private cause of action against debt collectors who fail to comply with the Act. *Id.* at § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq.  The Court also has pendant jurisdiction over the State law claims, if any, in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is a substantial part of the events or omissions giving rise to the claim occurred and where the Plaintiff resides.

## NATURE OF THE ACTION

5. Plaintiff brings this action under Section 1692 et seq. of Title 15 of the United States Code, also known as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of New York, County of Rockland.

8. Defendant Sequium is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA.

9. Sequium has a registered agent at Registered Agent Solutions, Inc., 99 Washington Avenue, Suite 1008, Albany, New York, 12260.

10. Upon information and belief, Defendant Sequium is a company that uses the mail and telephone and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

11. Defendant LVNV is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA.

12. LVNV has a registered agent at Corporation Service Company, 80 State Street, Albany, New York, 12207-2543.

13. Upon information and belief, Defendant LVNV is a company that uses the mail and telephone and regularly engages in business the principal purpose of which is to attempt to collect debts and/or regularly collects debts owed to itself or another.

## FACTUAL ALLEGATIONS

14. Plaintiff repeats the above allegations as if set forth here.

15. Some time prior to December 4, 2020, Plaintiff allegedly incurred an obligation to non-party Citibank, N.A. ("Citibank").

16. The obligation arose out of transactions incurred primarily for personal, family, or household purposes, specifically Citibank personal credit.

17. The alleged Citibank obligation is a "debt" as defined by 15 U.S.C.§ 1692a (5).

18. Citibank is a "creditor" as defined by 15 U.S.C.§ 1692a (4).

19. According to the letter described below, LVNV purchased Plaintiff's Citibank account.

20. Defendant LVNV collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of itself or other creditors using the United States Postal Services, telephone and internet.

21. Upon information and belief, LVNV contracted with Defendant Sequium to collect the alleged debt.

22. Defendant Sequium collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*Violation - December 4, 2020 Collection Letter*

23. On or about December 4, 2020, Defendant Sequium, on behalf of Defendant LVNV, sent Plaintiff a collection letter regarding the alleged debt, originally owed to Citibank and now owed to LVNV. See Letter attached as Exhibit A.

24. The collection letter states:

> This notice is being sent to you by a collection agency. Please be advised that Lvnv Funding LLC, the Current Creditor-Debt Purchaser, has purchased the account referenced above. Our records further indicate that the judgment that was awarded on 12/13/2013 remains unresolved. This is the date on which the balance became due.

25. Upon information and belief, this judgment was entered on December 13, 2013 in the amount of $27,212.94.

26. The letter states that the "Total Due" is $27,212.94 and the "Date of Delinquency" is "01/15/09".

27. The letter does not state that interest is accruing on the judgment.

28. The letter does not state that interest is waived on the judgment.

29. Upon information and belief, interest was charged or will be charged on this judgment.

30. Plaintiff knows that judgments generally accrue interest.

31. Pursuant to New York Civil Practice Law and Rules § 5003 and 5004 judgments accrue interest "at the rate of nine per centum per annum".

32. Therefore the "Total Due" on this judgment that was entered on December 13, 2013, is more than $27,212.94, due to the accumulation of additional interest.

33. As of the date of this filing, including accrued interest on the judgment, the balance is approximately $49,051.33.

34. Even if Defendants did not intend to collect the accrued interest, it was still in fact accruing by force of law.

35. In addition, Defendants did not state they were forgoing the accrued interest.

36. Upon information and belief, Defendants do not have a written policy not to charge accrued judgment interest.

37. Defendants retained the right to collect the statutory interest.

38. If, and when, Defendants transfer the alleged debt to another collector or debt buyer, that third-party would still have the right to collect the accrued statutory interest.

39. The amount stated as due is therefore false, deceptive, misleading, and unfair.

40. If Defendants are waiving statutory interest, they must so state.

41. This would then bind them to this waiver.

42. Without an affirmative waiver, they retain the right to charge the accrued statutory interest.

43. The failure to inform Plaintiff that judgment was accruing on the judgment rendered the letter false, deceptive, misleading, and unfair.

44. The failure to affirmatively and bindingly state that the interest was waived rendered the letter false, deceptive, misleading, and unfair.

45. Defendants also offered to settle the alleged debt for 65% of the balance.

46. However, the settlement offer did not state that it must be accepted by a specified date.

47. Nor did the settlement offer state that payment must be made by a specified date.

48. Defendants retained the right to rescind the settlement offer at any time.

49. Upon information and belief, Defendants would not have allowed Plaintiff to accept the settlement offer at any time.

50. Defendants would not have allowed Plaintiff to accept the settlement offer in 50 years.

51. Defendants would not have allowed Plaintiff to accept the settlement offer in 20 years.

52. Defendants would not have allowed Plaintiff to accept the settlement offer in 10 years.

53. Defendants would not have allowed Plaintiff to accept the settlement offer in 5 years.

54. Defendants would not have allowed Plaintiff to accept the settlement offer in 1 year.

55. Because no date is specified by when the offer must be accepted or by when payment must be made, Defendants were required to disclose the accruing interest.

56. However, there is no date certain until which Plaintiff may take advantage of this offer.

57. Upon information and belief, Defendants could, and would, refuse to honor the offer at any time.

58. Even if Sequium would honor the offer, that would only be until LVNV terminated its collection services in regards to Plaintiff's account.

59. LVNV could, and would, then claim that it need not honor the offer any longer.

60. Sequium did not have authority to hold the settlement offer open indefinitely.

61. LVNV would not accept a 65% settlement forever.

62. Because there was no date certain in the offer, the settlement offer was illusory.

63. It was merely a collection tactic to coerce Plaintiff to pay or at least sow enough confusion to coerce Plaintiff to call Defendants only to be met with professional debt collectors with their highly skilled debt collection tactics.

64. Because of Defendants' improper collection actions Plaintiff was unable to properly respond to the letter.

65. Because of Defendants' improper collections actions Plaintiff was prevented from taking certain actions he would have, or could have, otherwise taken had Defendant's letter not contained false, deceptive, misleading, or unfair content.

66. Defendant was confused as to the debt and the amount involved here and how this implicates his alleged responsibilities for making payment thereon.

67. Plaintiff was concerned and confused by the Letter.

68. Plaintiff was therefore unable to evaluate his options of how to handle this debt.

69. Because of this, Plaintiff expended time, money, and effort in determining the proper course of action.

70. Defendants' improper collections actions led Plaintiff to believe the letter was fraudulent, or at least suspect, in whole or in part.

71. In addition, Plaintiff suffered emotional harm due to Defendants' improper acts.

72. These violations by Defendant were knowing, willful, negligent and/or intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

73. Defendants' collection efforts with respect to this alleged debt from Plaintiff caused Plaintiff to suffer concrete and particularized harm, *inter alia*, because the FDCPA provides Plaintiff with the legally protected right to be not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

74. Defendants' false, deceptive, misleading and/or unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendants' collection efforts because Plaintiff could not adequately respond to Defendants' demand for payment of this debt.

75. Defendants' actions created an appreciable risk to Plaintiff of being unable to properly respond or handle Defendants' debt collection.

76. Plaintiff was confused and misled to his detriment by the statements in the dunning letter, and relied on the contents of the letter to his detriment.

77. Plaintiff would have pursued a different course of action were it not for Defendants' violations.

78. As a result of Defendants' deceptive, misleading and false debt collection practices, Plaintiff has been damaged.

## COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

79. Plaintiff repeats the above allegations as if set forth here.

80. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692e.

81. Pursuant to 15 U.S.C. § 1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

82. Defendants violated said section, by using false, deceptive, or misleading representations or means to collect the alleged debt, as described above, in violation of §§ 1692e, 1692e (2)(A), 1692 (10).

83. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692e, *et seq.* of the FDCPA and Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692f *et seq.*

84. Plaintiff repeats the above allegations as if set forth here.

85. Alternatively, Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692f.

86. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

87. Defendants violated this section by using unfair or unconscionable means to collect the alleged debt, as described above.

88. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692f, et *seq*. of the FDCPA and Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## COUNT III
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692g *et seq.*

89. Plaintiff repeats the above allegations as if set forth here.

90. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

91. In connection with its initial communication with a consumer, a debt collector must, pursuant to 15 U.S.C. §1692g, send the consumer a written notice containing the amount of the debt.

92. Defendant violated 15 U.S.C. §1692g by failing to properly state, pursuant to § 1692g(a)(1), the amount of the debt, as described above.

93. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

### DEMAND FOR TRIAL BY JURY

94. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Lazar Felberbaum demands judgment from Defendants Sequium and LVNV as follows:

a) For actual damages provided and pursuant to 15 U.S.C. § 1692k(a)(1);

b) For statutory damages provided and pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1692k(a)(3); and

d) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated: November 17, 2021 Respectfully submitted,

**Stein Saks PLLC**

s/ Eliyahu Babad
By: Eliyahu Babad, Esq.
One University Plaza, Suite 620
Hackensack, NJ 07601
Phone: (201) 282-6500 ext. 121
Fax: (201) 282-6501
EBabad@SteinSaksLegal.com

*Attorneys for Plaintiff*