

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/17/2022
```

Defts. request for a pre-motion conf.
is denied, however, their request to
stay discovery until the Court's
resolution of their motion for
judgment on the pleadings is
GRANTED.  Clerk of Court is
requested to terminate the motion
(doc. 17).
Dated: White Plains, NY
Feb. 17, 2022

**MEMO ENDORSED**

February 16, 2022

SO ORDERED:

HON. NELSON S. ROMAN
UNITED STATES DISTRICT JUDGE

***VIA ECF***
Hon. Nelson S. Roman
U.S. District Court, Southern District of New York
300 Quarropas St.
White Plains, NY 10601

Re:   *Felberbaum v. LVNV Funding LLC, et al*. - Case No. 7:21-cv-09513-NSR

Dear Judge Roman:

We are counsel for Defendants LVNV Funding LLC ("LVNV") and Sequium Asset Solutions, LLC ("Sequium") (collectively the "Defendants") in the above matter. Pursuant to this Court's Individual Practices in Civil Cases Section 3A(ii), please accept this letter as a request for a pre-motion conference addressing Defendants' intentions to move for a stay of discovery, pursuant to Fed. R. Civ. P. 26, pending adjudication of their Motion for Judgment on the Pleadings.

Plaintiff alleges that Defendants violated certain provisions of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA"). (Doc. 1). Plaintiff contends that a letter sent by Defendants violated sections 1692e, 1692e(2)(a); 1692 (10); 1692g and 1692f of the FDCPA by failing to state that interest was accruing or that interest was waived on the judgment. (Doc. 1). Defendants filed their respective Answers on January 28, 2022. (Doc. 9, 11). On February 4, 2022, Defendants request a pre-motion conference with the Court seeking permission to make a Motion for Judgment on the Pleadings. (Doc. 14). On February 7, 2022, the Court granted Defendants leave to make their motion and entered a briefing scheduled. (Doc. 15).

Defendants now move to stay discovery in this case pending the result of Defendants' Motion for Judgment on the Pleadings, which will be fully briefed on or before April 25, 2022. (Doc. 15).  The outcome of the Motion will likely be determinative of the case, but a minimum will narrow the scope of discovery, if any. For these reasons, all discovery should be stayed in this case pending the ruling on Defendants' Motion for Judgment on the Pleadings.

Pursuant to the undersigned's communication with Plaintiff's counsel, Plaintiff opposes the present motion. Plaintiff's position is somewhat surprising as Plaintiff's counsel consented to a stay of discovery pending a dispositive motion concerning similar legal issues, in *Weiss v Sequium Solutions and LVNV Funding LLC*, (Case No: 1:21-cv-00218) in the Eastern District of New York. In *Weiss*, Defendants' motion for a stay of discovery was granted on March 18, 2021 and Defendants' dispositive motion remains pending before the Court.

Brendan H. Little  |  Partner  |  blittle@lippes.com

50 Fountain Plaza, Suite 1700, Buffalo, NY 14202   **Phone:** 716.853.5100   //   **Fax:** 716.853.5199   **lippes.com**

**New York:** Albany, Buffalo, New York City, Rochester  //  **Florida:** Jacksonville  //  **Illinois:** Chicago  //  **Ontario:** Greater Toronto Area  //  **Washington, D.C.**



It is well settled that district courts have the power to stay proceedings. *See Landis v. North American Co.*, 299 U.S. 248, 254, 57 S. Ct. 163, 81 L. Ed. 153 (1936) (stating that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes of its own docket with economy of time and effort for itself, for counsel, and for litigants.") Courts considering stay applications must "exercise [their] judgment, which must weigh competing interests and maintain an even balance." *Id.* at 254-55.

In deciding whether a stay is appropriate, "(1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *Wing Shing Products (BVI) Ltd. v. Simatelex Manufactory Co.*, 2005 U.S. Dist. LEXIS 6780, 2005 WL 912184, at *1 (S.D.N.Y. Apr. 19, 2005) (citing *Kappel v. Comfort*, 914 F. Supp. 1056, 1058 (S.D.N.Y. 1996)).

"[A] court determining whether to grant a stay of discovery pending a motion must look to the particular circumstances and posture of each case," *Alford v. City of New York*, 2012 U.S. Dist. LEXIS 37876, 2012 WL 947498, at *1 (E.D.N.Y. Mar. 20, 2012), and "should consider several factors, including the breadth of the discovery sought, the burden of responding to it, and the prejudice that would be suffered by the party opposing the stay." *Cuartero v. United States*, 2006 U.S. Dist. LEXIS 79641, 2006 WL 190521, at *1 (D. Conn. Nov. 1, 2006). "[A] court should also consider the strength of the dispositive motion that is the basis of the discovery stay application." *Id.* A stay of discovery is appropriate pending resolution of a potentially dispositive motion where the pending dispositive motion "appear[s] to have substantial grounds or, stated another way, do[es] not appear to be without foundation in law." *Johnson v. New York Univ. School of Educ.*, 205 F.R.D. 433, 434 (S.D.N.Y. 2002).

As demonstrated by Defendants' pre-motion conference request (Doc. 14), there are substantial grounds for granting Defendants' dispositive motion. This entire case is controlled by *Taylor*, which has been confirmed by the Second Circuit several times. *See Gissendanner v. Enhanced Recovery Co., LLC*, 793 F. App'x 5, 8 (2d Cir. 2019) (stating that *Taylor* rejected the idea "that a debt collector commits a per se violation of Section 1692e whenever it fails to disclose whether interest or fees are accruing on a debt"); *Derosa v. CAC Fin. Corp.*, 740 F. Appx 742, 743 (2d Cir. 2018) ("*Taylor* answered that question in the negative: if a debt is not accruing interest and fees, 'a collection notice that fails to disclose that interest and fees are not currently accruing on a debt is not misleading within the meaning' of the FDCPA"). Other courts in the Second Circuit have rejected Plaintiff's argument based on *Taylor* as well. *See Watson v. Midland Credit Mgmt.*, 2020 U.S. Dist. LEXIS 113230, at *12 (E.D.N.Y. Apr. 21, 2020) ("[h]ere, Defendant has submitted unrebutted evidence that the debt was static, i.e. that no interest, late fees or other charges were accruing. Thus, under *Taylor* the letters are not be [sic] misleading. Accordingly, Defendant is entitled to summary judgment on Plaintiff's claim that the letters were misleading by failing to disclose whether or not interest or other fees were accruing"); *Sharon v. CAC Fin. Corp.*, 2020 U.S. Dist. LEXIS 178219, at *6 (E.D.N.Y. Sep. 28, 2020) ("*Taylor* resolves this case decisively against the plaintiff. . . . That amount did not change while the defendant attempted to collect the debt, and the defendant's letters accurately stated the balance, interest and fees the plaintiff owed"); *De*



*La Cruz v. Fin. Recovery Servs.*, 2019 U.S. Dist. LEXIS 55898, at *21 (S.D.N.Y. Mar. 28, 2019) (in applying *Taylor*, holding "Because Plaintiff alleges in the Complaint that her debt is static, Defendant's failure to state in its collection letter that the amount of the debt would not increase as the result of interest or other charges is not misleading, unfair, or unconscionable within the meaning of the FDCPA").

In this instant case, neither Sequium Asset Solutions, LLC nor LVNV Funding, LLC assessed any interest or fees on the debt. (Doc. 9-1, 9-2). The debt was completely static. *Id.* A payment of $27,212.94 would have completely satisfied the debt, as would the reduced offer amount of 65% of the balance as clearly stated by the letter. (Doc. 9-1, 9-2). Therefore, it is Defendants' position that *Taylor* is the controlling case, and the decision in *Taylor* as applied to this case warrants dismissing the entirety of the claims against Defendants with prejudice. On this basis, there are substantial grounds for the Motion for Judgment on the Pleadings being granted. Therefore, a stay is appropriate in this case. *See Johnson*, 205 F.R.D. at 434.

The five factors, "(1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest[,]" all weigh in favor of Defendants. *Wing Shing Products*, 2005 WL 912184, at *1 (S.D.N.Y. Apr. 19, 2005). First, there is no prejudice to Plaintiff if discovery is stayed. Liability in this case depends entirely on the letter at issue, of which Plaintiff in already in possession.

On the other hand, if the stay is not granted, Defendants will be prejudiced. Should discovery be permitted, then Defendants will have to spend considerable time and money responding to discovery. Considering the strength of Defendants' Motion for Judgment on the Pleadings, forcing Defendants to participate in discovery will prejudice Defendants and unfairly burden Defendants.

The interest of the Court is also advanced by the granting of a stay. Rather than preside over the litigation, the Court can decide the main issue concerning liability. This will conserve judicial resources and advance the timely administration of the Court's docket. Finally, the interests of the persons not party to this litigation as well as the public interest weighs in favor of a stay as early determination of legal issues conserves resources and may serve to deter unnecessary litigation on the same legal issues.

All five factors weigh in favor of granting the stay. Early determination of the merits of this case will advance the effective and orderly administration of the Court's docket, and should this case not be dismissed at this stage, narrow the issues to be resolved. Therefore, a stay is appropriate in this action pending the resolution of Defendants' Motion for Judgment on the Pleadings.

Thank you for your courtesy and cooperation in this matter.



Very truly yours,

LIPPES MATHIAS LLP

/s Brendan H. Little

Brendan H. Little

BHL/bmo