UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
┌─────────────────────────────────────────┐
│ USDC SDNY                                │
│ DOCUMENT                                 │
│ ELECTRONICALLY FILED                     │
│ DOC #: _____                  │
│ DATE FILED: ___1/11/2023___              │
└─────────────────────────────────────────┘
```

LAZAR FELBERBAUM,

                              Plaintiff,

        -against-

SEQUIUM ASSET SOLUTIONS and LVNV
FUNDING LLC,

                              Defendants.

21-cv-9513 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

Plaintiff Lazar Felberbaum ("Plaintiff") commenced the instant action against Defendants Sequium Asset Solutions, LLC ("Defendant Sequium") and LVNV Funding LLC ("Defendant LVNV") (collectively, "Defendants") alleging claims arising under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"). (Complaint ("Compl.") (ECF No. 1).) Before the Court is Defendants' motion pursuant to Federal Rule of Civil Procedure 12(c) for judgment on the pleadings. For the following reasons, Defendants' motion is GRANTED, and Plaintiff's Complaint is dismissed.

## BACKGROUND

The following facts are derived from the Complaint and are accepted as true for the purposes of this motion except as otherwise noted.

Plaintiff is a New York resident who "allegedly" incurred a debt to non-party Citibank, N.A. ("Citibank"), which arose primarily out of personal credit transactions. (Compl. at ¶¶ 7, 16.) The debt became "deliquen[t]" on January 15, 2009. (*Id.* at Ex. A.) Defendant LVNV later purchased this delinquent debt and contracted with Defendant Sequium to collect the debt originally owed to Citibank and now owed to Defendant LVNV. (*Id.* at ¶¶ 19, 23.)

On or around December 4, 2020, Defendants sent Plaintiff a collection letter (the "Letter") regarding the alleged debt, which read as follows:

> This notice is being sent to you by a collection agency. Please be advised that LVNV Funding LLC, the Current Creditor-Debt Purchaser, has purchased the account referenced above. Our records further indicate that the judgment that was awarded on 12/13/2013 remains unresolved. This is the date on which the balance became due.

(*Id.* at ¶ 24, Ex. A.)

The judgment referenced in the Letter totaled $27,212.94.  (*Id.* at ¶ 25, Ex. A.)  The Letter stated a "Total Due" in the amount of $27,212.94 (*id.* at ¶ 26.), but the Letter did not state whether interest was accruing on this amount (*id.* at ¶¶ 27–29.).  In the Letter, Defendants offered to settle the existing debt for 65% of the "Total Due."  (*Id.* at ¶ 45.)  Defendants, however, did not (1) include a deadline by which Plaintiff had to accept the offer or (2) otherwise state that the offer would expire at a later unspecified date.  (*Id.* at ¶¶ 46–47.)

Plaintiff alleges the "amount stated as due is . . . false, deceptive, misleading, and unfair."  (*Id.* at ¶ 39.)  In particular, Plaintiff asserts that Defendants did not disclose that interest was accruing on the balance at the New York post-judgment rate of "nine per centum per annum."  (*Id.* at ¶ 31.)  As a result, the actual amount due was $49,051.33.[1]  (*Id.* at ¶ 33.)  Plaintiff further avers that Defendants would "not have allowed Plaintiff to accept the settlement offer at any time" and would "refuse to honor the offer" should Plaintiff accept.  (*Id.* at ¶¶ 49, 57.)  The offer, alleges Plaintiff, was "illusory" and "merely a collection tactic" "to coerce" Plaintiff into paying the debt or to "sow . . . confusion."  (*Id.* at ¶ 62–63.)

Defendants answered the Complaint (ECF Nos. 9 & 11) and now move for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.  (ECF No. 19.)

Defendants also move to strike Plaintiff's sur-reply (ECF No. 24), which Plaintiff styled as a "Notice of Supplemental Authority" and filed in opposition to Defendants' Rule 12(c) motion

---

[1] This estimated balance represents the accrued interest as of November 17, 2021, when Plaintiff filed the Complaint.  (Compl. at ¶ 33.)

(ECF No. 23-1).  Although Plaintiff did not seek leave to file a sur-reply, *see* Rule 3(B) of this Court's Individual Practices in Civil Cases, this Court nonetheless DENIES Defendant's Motion to Strike Plaintiff's Sur-Reply and deems Plaintiff's sur-reply papers accepted for the purposes of adjudicating the present Rule 12(c) motion.

## LEGAL STANDARDS

Under Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."  Fed. R. Civ. P. 12(c).[2]  "To survive a Rule 12(c) motion, the complaint must contain sufficient factual matter to 'state a claim to relief that is plausible on its face.'"  *Graziano v. Pataki*, 689 F.3d 110, 114 (2d Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The standard for analyzing a motion for judgment on the pleadings under Rule 12(c) is identical to the standard for a motion to dismiss for failure to state a claim under Rule 12(b)(6).  *Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006); *see also* Fed. R. Civ. P. 12(b)(6).

Under Rule 12(b)(6), the inquiry is whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570); *accord Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010).  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  *Id.* at 679.  To survive a motion to dismiss, a complaint must supply "factual allegations sufficient 'to raise a right to relief above the speculative

---

[2] Defendant Sequium attaches two exhibits to its answer.  (*See* ECF Nos. 9-1 (Declaration of Shaun Ertischek) & 9-2 (Declaration of Patricia Sexton).)  Because Plaintiff had no notice of the exhibits prior to their filing, this Court declines to consider them in adjudicating the present 12(c) motion.  *See L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011) (citing *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 44 (2d Cir. 1991) ("Plaintiffs' failure to include matters of which as pleaders *they had notice* and which were integral to their claim—and that they apparently most wanted to avoid—may not serve as a means of forestalling the district court's decision on [a 12(b)(6) ] motion.") (emphasis added)).

level.'"  *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (quoting

*Twombly*, 550 U.S. at 555).  The Court must take all material factual allegations as true and draw

reasonable inferences in the non-moving party's favor, but the Court is "'not bound to accept as

true a legal conclusion couched as a factual allegation,'" or to credit "mere conclusory statements"

or "[t]hreadbare recitals of the elements of a cause of action."  *Iqbal*, 556 U.S. at 678 (quoting

*Twombly*, 550 U.S. at 555).  Likewise, "where a conclusory allegation in the complaint is

contradicted by a document attached to the complaint, the document controls and the allegation is

not accepted as true."  *Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 146–47 (2d Cir.

2011).  In determining whether a complaint states a plausible claim for relief, a district court must

consider the context and "draw on its judicial experience and common sense."  *Iqbal*, 556 U.S. at

679.  A claim is facially plausible when the factual content pleaded allows a court "to draw the

reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* at 678.

## DISCUSSION

The purpose of the FDCPA is to "eliminate abusive debt collection practices by debt

collectors, to insure that those debt collectors who refrain from using abusive debt collection

practices are not competitively disadvantaged, and to promote consistent State action to protect

consumers against debt collection abuses."  15 U.S.C. § 1692e.  To achieve this, the FDCPA

imposes, "among other things, certain notice and timing requirements on efforts by 'debt

collectors' to recover outstanding obligations."  *Goldstein v. Hutton, Ingram, Yuzek, Gainen,

Carroll & Bertolotti*, 374 F.3d 56, 58 (2d Cir. 2004).  Section 1692k of the FDCPA provides that

"any debt collector who fails to comply with any provision of [the FDCPA] with respect to any

person is liable to such person . . . ."  15 U.S.C. § 1692k.

Moreover, a single violation is sufficient to establish liability under the FDCPA.  *Wiener v.

Bloomfield*, 901 F. Supp. 771, 778 (S.D.N.Y. 1995) (citing *Clomon v. Jackson*, 988 F.2d 1314, 1318

4

(2d Cir.1993)).  "The court considers the frequency or number of violations only in calculating damages."  *Id*. (citing 15 U.S.C. § 1692k(b)(1)).  "The court may not, however, regardless of the number of violations, impose more than the $1,000 statutory penalty provided for actions such as these in the absence of actual damages."  *Id*. (citing 15 U.S.C. § 1692k(a)(2)(A)).

To state a claim under the FDCPA, a plaintiff must demonstrate that: (1) the plaintiff is a person who was the object of efforts to collect a consumer debt; (2) the defendant is a debt collector as defined in the statute; and (3) the defendant has engaged in an act or omission in violation of the FDCPA.[3]  *See Cohen v. Ditech Fin. LLC*, 15-CV-6828, 2017 WL 1134723, at *3 (E.D.N.Y. Mar. 24, 2017).  Plaintiff alleges that Defendants violated Sections 1692e, 1692e(2), e(10), 1692f, and 1692g of the FDCPA.  *See* Compl. ¶¶ 79–93.  For the reasons articulated below, the Court dismisses all of Plaintiff's claims.

Section 1692e of the FDCPA prohibits a debt collector from making a "false, deceptive, or misleading representation."  15 U.S.C. § 1692e.  In particular, Section 1692e(2) prohibits "the false representation of the character, amount, or legal status of any debt," and Section 1692e(10) prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  "It is well established that the FDCPA imposes strict liability on debt collectors," meaning that Plaintiff "need not prove that the prohibited conduct was intentional."  *Lee v. Kucker & Bruh, LLP*, 958 F. Supp. 2d 524, 528 (S.D.N.Y. 2013); *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010) ("To recover damages under the FDCPA, a consumer does not need to show intentional conduct on the part of the debt collector."); *Russell v. Equifax A.R.S.*, 74 F.3d 30, 33 (2d Cir. 1996) ("Because the Act

---

[3] Plaintiff adequately alleges the first two requirements.  (*See* Compl. at ¶¶ 8–13, 23.)

imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages.").

In the Second Circuit, two principles of statutory construction guide courts' assessments of alleged violations of Section 1692e: (1) the FDCPA is liberally construed to effectuate its purpose of consumer protection, and (2) collection notices are analyzed from the perspective of the "least sophisticated consumer." *Taylor v. Fin. Recovery Servs.*, 886 F.3d 212, 214 (2d Cir. 2018) (internal citation omitted). The least sophisticated consumer test is an objective one that "pays no attention to the circumstances of the particular debtor in question." *Easterling v. Collecto, Inc.*, 692 F.3d 229, 234 (2d Cir. 2012). Despite the name, the least sophisticated consumer is not wholly unsophisticated; they are "presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care." *Kolbasyuk v. Capital Mgmt. Servs. LP*, 918 F.3d 236, 239 (2d Cir. 2019) (internal quotations and citation omitted). Applying the standard of the least sophisticated consumer, a debt collector's representation is misleading or deceptive "if it is 'open to more than one reasonable interpretation, at least one of which is inaccurate.'" *Avila v. Riexinger & Assocs.*, LLC, 817 F.3d 72, 75 (2d Cir. 2016) (quoting *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993)). There is also a materiality requirement, where courts focus on "whether the false statement would frustrate a consumer's ability to intelligently choose his or her response." *Cohen v. Rosicki, Rosicki & Assocs., P.C.*, 897 F.3d 75, 86 (2d Cir. 2018) ("[M]ere technical falsehoods that mislead no one are immaterial and consequently not actionable under § 1692e.") (internal quotations and citations omitted).

Before this Court is a narrow question: whether a debt collector violates the FDCPA when it fails to state that the interest clock is (or is not) running when offering to settle a debt for a sum certain. The Second Circuit recently addressed an identical question, holding that "debtors faced with a settlement offer are not misled by the failure to disclose that interest is accruing because . .

6

. payment of the amount indicated in a collection notice would extinguish the debt." *Cortez v. Forster & Garbus, LLP*, 999 F.3d 151, 155 (2d Cir. 2021).  In so doing, the Second Circuit concluded "a settlement offer need not enumerate the consequences of failing to meet its deadline or rejecting it outright so long as it clearly and accurately informs a debtor that payment of a specified sum by a specified date will satisfy the debt." *Id.* at 156.  At first glance, the Second Circuit's reasoning in *Cortez* appears to control the result in the instant case; here, as in *Cortez*, Defendants offered to settle the debt for a percentage of the amount shown as due and owing.  If Plaintiff availed himself of Defendants' settlement offer, his "payment . . . would extinguish the debt." *Id.* at 155.

In his sur-reply, Plaintiff argues *Cortez* is inapplicable because the offer letter at issue in *Cortez* included a *specific* date by which the debtor needed to avail himself of the offer.  (ECF No. 23-1 at 1–2.)  In effect, including a specific date in the offer notified the debtor as to how long the offer would remain open.  By not including a specific date in the Letter, Plaintiff contends the Defendants were employing a "coercive collection tactic" in which Defendants would "not honor" Plaintiff's acceptance of their offer.  (*Id.* at 2.)  Plaintiff alleges as much in the Complaint, asserting that Defendants would not have honored Plaintiff's acceptance of their settlement offer in 1, 5, 10, 20, or 50 years.  (Compl. at ¶¶ 49–54.)  In other words, Plaintiff is concerned he will pay the settlement amount and then later find out Defendants (or their successors) have pocketed the payment without discharging Plaintiff's debt.  (*See id.* at ¶¶ 57–63.)  Plaintiff concludes Defendants' offer is "illusory" (id. at ¶ 62), and thus the Letter "violates the FDCPA."  (ECF No. 23-1 at 2; *see generally* Compl.)

Plaintiff is incorrect.  The Second Circuit in *Cortez* did not establish a bright line rule that every settlement offer must include a specific deadline for acceptance.  The *Cortez* Court was not concerned with whether the offer included a specific acceptance date; instead, it was concerned

with whether the settlement offer would mislead a debtor because "the offer set forth a payment deadline *but failed to disclose whether interest or fees would accrue if payment were tendered after the deadline.*" *Cortez*, 999 F.3d at 156 (emphasis added).  Ultimately, the Court reasoned that a settlement offer "need not enumerate" post-deadline interest and fees so long as the offer "clearly and accurately informs a debtor that payment of a specified sum by a specified date will satisfy the debt." *Id.*  Put differently, so long as the offer has not lapsed and a debtor is entitled to pay a specified sum to satisfy a debt, a debt collector is not bound to "anticipate every potential collateral consequence that could arise in connection with the payment or nonpayment of a debt." *See id.*; *Avila v. Riexinger & Assocs.*, LLC, 817 F.3d 72, 77 (2d Cir. 2016) ("We hold that a debt collector will not be subject to liability under Section 1692e for failing to disclose that the consumer's balance may increase due to interest and fees if the collection notice . . . clearly states that the holder of the debt will accept payment of the amount set forth in full satisfaction of the debt if payment is made by a specified date."); *Altman v. J.C. Christensen & Assocs., Inc.*, 786 F.3d 191, 194 (2d Cir. 2015) ("The Letter at issue here plainly states that the percentage saved is 'on your outstanding account balance.'  The fact that a debtor may then have to pay tax on the amount saved is simply not deceptive in the context of what the savings are on a debtor's outstanding account balance.") (internal quotations omitted); *see also Taylor v. Fin. Recovery Servs., Inc.*, 886 F.3d 212, 215 (2d Cir. 2018) ("Construing the FDCPA in light of its consumer protection purpose, we hold that a collection notice that fails to disclose that interest and fees are not currently accruing on a debt is not misleading within the meaning of Section 1692e.").

Here, Defendants' offer remains open, and as a result, Defendants have no present duty to inform Plaintiff of the amount of interest due on the account.[4]  Plaintiff does not allege the

---

[4] Defendants' duty to report interest attaches when (1) Defendants revoke the open offer to accept payment of a sum certain to extinguish the debt, and (2) Defendants indeed charge interest

settlement offer is closed at present. Instead, Plaintiff speculates that Defendants, who "retain[]
the right to rescind the settlement offer at any time," "would not have allowed Plaintiff to accept
the settlement offer." (Compl. at ¶¶ 48–61.) Plaintiff's allegations, however, are speculative and
incorrect as a matter of law. Should Plaintiff accept Defendants' offer by paying the specified sum,
Defendants cannot then revoke their offer.[5] *See Altman v. Zwicker & Assocs., P.C.*, No. 20 CV
6622 (VB), 2021 WL 3774120, at *4 (S.D.N.Y. Aug. 25, 2021) ("In other words, defendant could
not have withdrawn the offer of sending an application if the consumer paid the allegedly
outstanding debt without communicating such withdrawal to the consumer."). Until such time as
Plaintiff accepts Defendants' offer by paying the specified sum, Defendants may revoke the offer,
but only if they first give unambiguous notice of revocation to Plaintiff. *See, e.g., Cumis Ins. Soc.,
Inc. v. Citibank*, N.A., 921 F. Supp. 1100, 1106 (S.D.N.Y. 1996) (("A revocation is a clear
manifestation of an intent not to perform, and once communicated to the offeree, terminates the
offeree's power to accept the offer.") (citing Restatement (Second) of Contracts § 42 (1981)).
Because Defendants cannot revoke the offer without first giving Plaintiff notice of their intent to
do so, the Letter is not misleading. In fact, the Letter "clearly states that the holder of the debt will

---

on the principal balance. *See Avila*, 817 F.3d at 76 ("Because the statement of an amount due,
without notice that the amount is already increasing due to accruing interest or other charges, can
mislead the least sophisticated consumer into believing that payment of the amount stated will
clear her account, we hold that the FDCPA requires debt collectors, when they notify consumers
of their account balance, to disclose that the balance may increase due to interest and fees."). In
any event, it appears Defendants are estopped from charging interest on the balance-to-date. (*See*
ECF No. 9-1 (Declaration of Shaun Ertischek) & 9-2 (Declaration of Patricia Sexton).)

[5] Plaintiff alleges Defendant Sequium acts "on behalf of Defendant LVNV." (*See* Compl.
at ¶ 23.) As such, Defendant LVNV is bound to honor the contract proposed to Plaintiff by
Defendant Sequium on Defendant LVNV's behalf. *See, e.g., Minskoff v. Am. Exp. Travel Related
Servs. Co.*, 98 F.3d 703, 708 (2d Cir. 1996) ("Under general principles of agency, the authority of
an agent is the power of the agent to do an act or to conduct a transaction on account of the principal
which, with respect to the principal, he is privileged to do because of the principal's manifestations
to him.") (internal quotations omitted).

accept payment of the amount set forth in full satisfaction of the debt if payment is made by a specified date,"—here any date prior to Defendants giving notice of their intent to revoke the offer. *See Avila*, 817 F.3d at 77; *see also Weiss v. Sequium Asset Sols., LLC*, No. 21-CV-218(EK)(TAM), 2022 WL 1046260, at *3 (E.D.N.Y. Apr. 7, 2022) ("Indeed, the open-ended offer from the Defendants was more generous to [Plaintiff] than the defined expiration in *Cortez*, in that it gave [Plaintiff] longer than Mr. Cortez was afforded to accept the settlement offer."). In sum, Defendants' offer remains open, and Plaintiff is still entitled to pay $27,212.94—a sum certain— to extinguish all debts associated with his account.

Plaintiff's claim under Section 1692e fails. So too do Plaintiff's claims under Sections 1692f and 1692g. Section 1692f prohibits a debt collector from using "unfair or unconscionable means to collect or attempt any debt." "Unconscionable" here means "shockingly unjust or unfair" or "affronting the sense of justice, decency, or reasonableness." *Gallego v. Northland Group, Inc*., 814 F.3d 123, 127–28 (2d Cir. 2016). Meanwhile, Section 1692g requires Defendants to state "the amount of the debt." For the reasons stated above, Plaintiff's allegations fail to show Defendants' collection notice containing an open offer—which has remained open for over two years and settles Plaintiff's debt interest-free at a sum certain—is "[s]hockingly unjust or unfair," or "affronting the sense of justice, decency, or reasonableness." *Id*. Accordingly, Defendants' Letter does not violate Section 1692f.

Insofar as Defendants' offer remains open and represents the sum certain owed by Plaintiff to extinguish the debt, Defendants also abide by the requirements of Section 1692g. *See Weiss*, 2022 WL 1046260, at *4 (E.D.N.Y. Apr. 7, 2022) (finding Defendants "comport[ed]" with requirements of Section 1692g where Defendants extended an open offer for Plaintiff to pay a specified amount to extinguish Plaintiff's debt).

**CONCLUSION**

For the foregoing reasons, Defendants' motion for judgment on the pleadings is GRANTED. Defendants' motion to strike Plaintiff's sur-reply is DENIED.

The Clerk of Court is respectfully directed to terminate the motions at ECF Nos. 19 and 24. The Clerk of Court is further directed to terminate the action.


SO ORDERED:

Dated:   January 11, 2023
         White Plains, New York

_____
        NELSON S. ROMÁN
      United States District Judge